ROCKWELL, APPELLANT, v. THE HIGHLAND DITCH COMPANY, APPELLEE.

1. APPELLATE PRACTICE—APPEAL FROM COURT OF APPEALS.
An appeal from the court of appeals must be perfected, and a writ of error made a supersedeas, in the same manner as in cases brought from other courts.

2. SAME.
The record must be filed on or before the third day of the term next succeeding the time of making the appeal, provided there be thirty days between the time of making the appeal and the sitting of the supreme court. A failure to file the record within the time prescribed is ground for dismissing the appeal.

*Appeal from the Court of Appeals.*

MOTION to dismiss appeal.

Mr. B. L. CARR and Mr. F. P. SECOR, for the motion.

Mr. L. C. ROCKWELL, opposing.

PER CURIAM. This appeal is from a judgment rendered by the court of appeals. The rights of the parties rest en-

tirely upon contract.  Under this contract, appellee undertakes to deliver certain water at specified places.  Appellant seeks by his action to compel the division of this water, and its delivery at places other than those specified in the contract.  The water is from a certain reservoir, the property of appellee.  No question in reference to the rights of appropriators of water from a natural stream is involved in the controversy.  There is no contest in reference to the amount of water which appellee is to carry and deliver, the contest being solely with reference to the place and manner of delivery.  The right to a review in this court is claimed on the ground that the controversy relates to a freehold.

Appellee bases its motion to dismiss upon the laches of the defendant in bringing the record to this court, and also upon the claim that the controversy does not relate to a freehold.  As the appeal must be dismissed for the first reason assigned, a decision of the second ground is unnecessary.

The judgment of the court of appeals was rendered on the 23d day of February, A. D. 1892.  The appeal bond was filed and approved on the 7th day of April following.  The transcript of record was not filed in this court until nearly a year thereafter, to wit: on the 29th day of March, A. D. 1893.  It is well settled that an appeal is a creature of statute, and a party seeking to avail himself of the right conferred must comply with the statute in all substantial particulars.  The statute governing appeals from the court of appeals to this court provides, *inter alia*, " Appeals shall be perfected, and writ of error made a supersedeas, in the same manner, and under the same conditions as in cases brought from other courts."  Gen. Laws, 1891, p. 121, sec. 15.  Sec. 389, Civil Code, provides in cases brought from other courts that, " The appellant shall lodge in the office of the clerk of the supreme court an authenticated copy of the record of the judgment or decree appealed from, by or before the third day of the next term of said supreme court.  Provided, that if there be not thirty days between the time of making the appeal and the sitting of the supreme court, then the record shall be

lodged as aforesaid at or before the third day of the next succeeding term of the supreme court, otherwise the said appeal shall be dismissed, unless further time shall have been granted by the supreme court for good cause shown."

The term of the supreme court to which this appeal was returnable under the statute began on the 12th day of September, A. D. 1892. As this was more than thirty days after the making of the appeal, the record should have been lodged in the court on or before the third day of such term. It not having been filed within the time prescribed by the statute, the appeal must be dismissed.

*Appeal dismissed.*